902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Wayne ENGLER, Petitioner-Appellant,
v.
Ralph EVITTS, Warden, Blackburn Correctional Facility;
Attorney General of Kentucky, Respondents-Appellees.
 No. 89-5813.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1990.
 
 1
 Before BOYCE E. MARTIN, Jr., and BOGGS, Circuit Judges; and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 David Wayne Engler, a pro se Kentucky prisoner, appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Engler was convicted by a jury of receiving stolen property valued at over $100.00; he was sentenced to two years in prison. His conviction was affirmed by the Kentucky Court of Appeals, and the Kentucky Supreme Court denied discretionary review. Thereafter, Engler filed the instant habeas petition arguing that the trial court should have directed a verdict of acquittal because there was insufficient evidence to sustain his conviction. The magistrate recommended the petition be denied, finding that there was sufficient evidence to sustain the conviction. The district court adopted the magistrate's recommendation over Engler's objections.
 
 
 4
 Upon review, we affirm the district court's judgment. The evidence adduced at trial indicated that at the time Engler was arrested, Engler was inside a car that contained two television sets and a stereo in the back seat. The merchandise bore price tags from a local department store. Engler's girlfriend, Ms. Shifflett, testified that although the car belonged to her, Engler had possession of the car all day. Shifflett also testified that when she noticed the merchandise in the back seat, Engler told her the items had come from Berea and that they were "hot." Finally, Shifflett testified that Engler drove them to the parking lot of Roses, a store in Shelbyville, to see a man "about the TV's." These factual findings were entitled to a presumption of correctness because Engler did not discredit them by clear and convincing evidence. See Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam). We conclude the evidence was sufficient to sustain the conviction under the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 Finally, we note that Engler also argued that the trial judge was predisposed to deny his motion for acquittal because of an in-chambers statement made by the judge. We have reviewed the statement and find nothing improper in it. The judge was only attempting to determine whether defense counsel planned to put on any evidence. Moreover, counsel was permitted to argue fully the motion for acquittal, and counsel actually succeeded in getting a misdemeanor charge dismissed.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation